United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20822
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

DAVID BOYD,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-634-3
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     David Boyd appeals from his conviction by guilty plea of
conspiracy and possessing stolen firearms.  Boyd moves for oral
argument; his motion is DENIED.  Boyd contends that the district
court erred by adding six levels to his base offense level based
on the attribution of 39 firearms to him; that the district court
erred by adding four levels for possessing firearms in connection
with another felony offense; that application of the Sentencing
Guidelines violated <u>Blakely v. Washington</u>, 124 S. Ct. 2531

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2004); and that the district court erred by ordering restitution of $7,900.

The testimony at Boyd's sentencing hearing supported the attribution of 39 firearms to Boyd. The attribution was not clearly erroneous, see United States v. Rome, 207 F.3d 251, 253 (5th Cir. 2000), and the six-level adjustment was not erroneous.

The information in Boyd's presentence report and the testimony at his sentencing hearing supported the finding that he traded weapons for one ounce of cocaine. Boyd thus possessed firearms in connection with cocaine possession. See Smith v. United States, 508 U.S. 223, 241 (1993). Boyd's cocaine possession was a felony under state law. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(c)(West 2003). The four-level adjustment was not erroneous.

Boyd concedes that his Blakely argument is foreclosed, but he raises it to preserve it for further review. Boyd's argument that Blakely invalidated the guidelines is foreclosed by United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)(No. 04-5263), in which this court held that "Blakely does not extend to the federal Guidelines." Pineiro, 377 F.3d at 465-66.

The district court's restitution order was based on the firearms that were stolen and listed in the indictment to which Boyd pleaded guilty. Boyd sold some of those firearms knowing that they had been stolen. The restitution order was not an

abuse of discretion.  See United States v. Caldwell, 302 F.3d 399, 419 (5th Cir. 2002).

AFFIRMED.